## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARION KINDIG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 10-1919 (ESH) |
| ) | |
| WHOLE FOODS MARKET GROUP, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| WHOLE FOODS MARKET GROUP, INC., ) | |
| ) | |
| Defendant/Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| USA PARKING, LLC, et al. ) | |
| ) | |
| Third-Party Defendants. ) | |

## MEMORANDUM OPINION

Before this Court are motions to dismiss filed by third-party defendants USA Parking, LLC, ("USA Parking") and Solomon Arega ("Arega") in response to the third-party complaint filed by Whole Foods Market Group, Inc. ("WFM"). For the reasons explained herein, the Court will grant Arega's motion, grant USA Parking's motion in part, and hold the third-party claims in abeyance pending arbitration.

## BACKGROUND

Plaintiff Marion Kindig initially filed this suit in the Superior Court of the District of Columbia, alleging that she slipped and fell as a result of WFM's negligence and seeking compensation for the injuries that she sustained in the parking lot of the WMF Georgetown store.

WFM removed the instant action to federal district court pursuant to 28 U.S.C. §§ 1332 (a),

1441(a).[1]   Some months later, WFM filed a third-party complaint against U.S.A. Parking and

Arega seeking indemnification and/or contribution.  Third-party defendants filed motions to

dismiss for lack of jurisdiction[2]  based on the existence of an arbitration agreement between USA

Parking and WFM.  Arega additionally disputes liability in his individual capacity.

## ANALYSIS

### I.    STANDARD OF REVIEW

When reviewing a motion to dismiss pursuant to Rule 12(b)(1), a court must accept as

true all factual allegations contained in the complaint and afford the plaintiff the benefit of all

favorable inferences that can be drawn  from the alleged facts.  *Leatherman v. Tarrant Cnty*

*Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993).  However, "plaintiff's

factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion'

than in resolving a 12(b)(6) motion for failure to state a claim." *Grand Lodge Fraternal Order of*

*Police v. Ashcroft*, 185 F. Supp. 2d 9, 13-14 (D.D.C. 2001) (internal quotation omitted); *see also*

*Citizens for Responsibility & Ethics in Washington v. Cheney*, 593 F. Supp. 2d 194, 209-10

(D.D.C. 2009). A court may consider materials outside the pleadings to determine whether it has

jurisdiction.  *Jerome Stevens Pharms., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253 (D. C.

Cir. 2005); *Amons v. District of Columbia*, 231 F. Supp. 2d 109, 113 & n.5 (D.D.C. 2002)

(noting that "the court may take judicial notice of matters of a general public nature, such as

---

[1] Upon the consent of parties, the case was initially assigned to a magistrate judge and, at the request of Kindig, subsequently returned to this Court's docket.

[2] Although third-party defendants' motions to dismiss were styled as motions to dismiss under Fed. R. C. P. 12(b), 12(b)(6) (failure to state a claim upon which relief can be granted), and 12(h)(3) (lack of subject matter jurisdiction), USA Parking's claims challenge this Court's subject matter jurisdiction and thus their submission will be treated as a motion made under Rule 12(b)(1).

court records, without converting the motion to dismiss into one for summary judgment")
(citation omitted).

"When considering a motion to stay proceedings and/or compel arbitration, the
appropriate standard of review for the district court is the same standard used in resolving
summary judgment motions" pursuant to Federal Rule of Civil Procedure 56(a). *Sheet Metal
Workers' Int'l Ass'n v. United Transp. Union*, 767 F. Supp. 2d 161, 167-68 (D.D.C. 2011)
(internal quotation marks omitted) (citing *Brown v. Dorsey & Whitney, LLP*, 267 F. Supp. 2d 61,
67 (D.D.C. 2003)).  It is therefore appropriate to grant a motion to stay proceedings or compel
arbitration when "there is no genuine dispute as to any material fact and the movant is entitled to
judgment as a matter of law." Fed. R. Civ. P. 56(a).  In this situation, the movant (the party
seeking summary judgment or arbitration) bears the initial responsibility of demonstrating the
absence of a genuine dispute of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323
(1986); *Sheet Metal Workers' Int'l Ass'n*, 767 F. Supp. 2d at 161.

## II.    APPLICABLE LAW

When a cause of action in federal court is based on state law, as where a court sits in
diversity, the court must apply the law of the forum state.  *See Van Gemert v. Boeing Co*., 553
F.2d 812, 813 (2d Cir. 1977) ("It is the source of the right, not the basis of federal jurisdiction,
which determines the controlling law."); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78
(1938).  As this case is before the Court pursuant to diversity jurisdiction, the law of the District
of Columbia shall govern all substantive issues. *See A.I. Trade Fin., Inc. v. Petra Int'l Banking
Corp.*, 62 F.3d 1454, 1458 (D.C. Cir. 1995); *see also Schleier v. Kaiser Found. Health Plan of
the Mid-Atl. States, Inc.*, 876 F.2d 174, 180 (D.C. Cir. 1989) ("Although the Rules of Decision
Act, and hence *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938), do not strictly apply with respect
to D.C. law, we apply D.C.'s substantive law analogously for reasons of uniformity and respect

for the D.C. Court of Appeals.").  However, non-forum law will be applied where otherwise

specified by contractual agreement.  *Norris v. Norris*, 419 A.2d 982, 984 (D.C. 1980) (applying

Florida law per the parties' contractual specification).

## III.   LIABILITY OF SOLOMON AREGA

In its Amended Third-Party Complaint, WFM seeks to hold Arega liable as owner and

operator of USA Parking. (Am. Third-Party Compl. at ¶¶ 21, 26.)  Arega moved to dismiss suit

against him because the agreement with WFM was made with USA Parking, which, he asserts, is

a limited liability corporation.  (Arega Mot. to Dismiss at 4-6.[3])

"The general rule is that a corporation is regarded as an entity separate and distinct from

its shareholders*."  Lawlor v. District of Columbia*, 758 A.2d 964, 975 (D.C.2000) (citation

omitted);  *see also McWilliams Ballard, Inc. v. Broadway Mgmt. Co.*, 636 F.Supp.2d 1, 7–9

(D.D.C.2009) (applying the *Lawlor* rule to limited liability corporations).  A party seeking to

disregard the corporate entity must prove by affirmative evidence that there is unity of ownership

and interest and use of the corporate form to perpetuate a fraud or wrong.  *Lawlor*, 758 A.2d at

975 ("The inquiry ultimately turns on whether the corporation is, in reality, 'an alter ego or

business conduit of the person in control.'") (citing *Labadie Coal Co. v. Black*, 672 F.2d 92, 97

(D.C. Cir. 1982)).

Both WMF and Arega agree that USA Parking is a corporation.[4]  (*See* WFM Mot. in

Opp. (Dkt. No. 43) at 6; Arega Mot. to Dismiss at 1.)  WMF has made no allegations suggesting

---

[3] Although his submission references an attached exhibit which contains USA Parking's
certificate of incorporation as a limited liability company, no such certificate appears in the
submission as filed.

[4] Although WFM initially asserted that USA Parking was a sole proprietorship (Am. Third-Party
Compl. at ¶¶ 2,13), WFM subsequently appeared to concede that it is a corporation (WFM Mot.
in Opp. (Dkt. No. 43) at 6) in response to Arega's assertion that USA Parking is a duly
incorporated entity. (Arega Mot. to Dismiss at 4-6).

that USA Parking is simply an "alter ego" of Arega or that it is being used to perpetuate a fraud

or wrong.  (*See generally* Am. Third-Party Compl., WFM Mot. in Opp. (Dkt. No. 43))

Therefore, this Court finds no basis to disregard the corporate entity of USA Parking and will

instead treat it as "an entity separate and distinct" from Arega.  *See Lawlor*, 758 A. 2d at 975.

Because only USA Parking has entered into the agreement with WMF which forms the basis of

WMF's claims against both USA Parking and Arega, this Court will dismiss the third-party

complaint against Arega in his individual capacity.

**IV.      DISPOSITION OF DISPUTE BETWEEN WFM AND USA PARKING**

At the center of the dispute between WFM and USA Parking is the Contractor Agreement

("Agreement"), in which USA Parking agrees to operate the parking facility at WFM'

Georgetown store.  The Agreement states, in relevant part:

> 10. Indemnification: Contractor shall indemnify, defend, save and
> hold harmless WFM from any and all claims made by third parties
> which are in any way, shape of [sic] form related to the products
> and/or services provided by or recommended by Contractor.....
> Contractor shall indemnify, defend, save and hold harmless WFM
> from any and all claims made by third parties which are in any
> way, shape of [sic] form related to the products and/or services
> made by third parties against WFM that arise from the breach of,
> or are inconsistent with, the warranties, representations, and/or
> agreements made by Contractor hereunder. Contractor shall
> indemnify, defend, save and hold harmless WFM from any and all
> claims made by third parties which are in any way, shape of [sic]
> form related to the products and/or services made by third parties
> against WFM that arise from the negligence and/or intentional acts
> of Contractor.  Contractor's agreement to indemnify, defend, save,
> and hold WFM harmless shall include, but not be limited to, any
> and all attorney's fees WFM becomes obligated to pay in defense
> of the said claims (whether for its own defense of [sic] a third party
> claim, or to any third party who has expended attorney's fees to
> prosecute and [sic] action) and shall include appeals….
>
> 13. Arbitration: All disputes between Contractor [] and WFM
> [WFM] [] relating in any manner whatsoever to the relationship
> between the Parties, including without limitation, all disputes

rising under this Agreement ("Arbitrable Claims") shall be
resolved by arbitration.

(Am. Third-Party Compl., Ex 2 (Agreement) at ¶¶ 10,13.)

In this Agreement, the parties have explicitly agreed that the Federal Arbitration Act

("FAA") "shall govern the interpretation and enforcement of the [arbitration provision]."[5]   (*Id*. at

¶ 13.)  Under the FAA, a court presented with a motion to compel arbitration[6] must engage in a

two-part analysis requiring it to it determine first the "enforceability of the agreement [to

arbitrate] and then decide whether arbitration should be compelled."  *Sheet Metal Workers' Int'l*

*Ass'n*, 767 F. Supp. 2d at 167-68 (internal citation omitted); *Nelson v. Insignia/Esg, Inc.*, 215 F.

Supp. 2d 143, 149 (D.D.C. 2002).  More specifically, a court must first decide whether the

parties entered into a valid and enforceable arbitration agreement and, if so, whether the claims

raised in the complaint fall within the scope of the arbitration agreement. *Id.; Nur v. K.F.C. USA,*

*Inc., 142 F. Supp. 2d 48, 50-51 (D.D.C. 2001).*

Applying the first step in this analysis to the instant case, this Court finds — and parties

do not dispute — that a valid and enforceable arbitration agreement exists between WFM and

USA Parking.  (*See* Am. Third-Party Compl., Ex 2 (Agreement) at ¶13.)  Moving on to the

second inquiry, this Court must evaluate whether WFM's claims for indemnification and

contribution, as raised in the Amended Third-Party Complaint, fall within the scope of the

---

[5] Under the FAA, "[i]f any suit or proceeding be brought in any of the courts of the United States
upon any issue referable to arbitration under an agreement in writing for such arbitration, the
court in which such suit is pending, upon being satisfied that the issue involved in such suit or
proceeding is referable to arbitration under such an agreement, shall on application of one of the
parties stay the trial of the action until such arbitration has been had in accordance with the terms
of the agreement, providing the applicant for the stay is not in default in proceeding with such
arbitration."  9 U.S.C. § 3.

[6] A motion to dismiss for lack of jurisdiction on the basis of an arbitration clause may be treated
as a motion to compel arbitration.  *Hercules & Co., Ltd. v.Beltway Carpet Serv. Inc*., 592 A.2d
1069, 1072  (D.C. 1991).

Agreement.   Although WFM contends that no "dispute" has yet arisen between WFM and USA

Parking and, as such, the matter is not yet arbitrable (WMF Mot. in Opp. (Dkt. No. 44) at 6, 8),

the litigation stances of these two parties show that there is indeed a dispute as to the extent of

USA Parking's contribution to or indemnification of WFM.

     1.     Indemnification Claim

In its Amended Third-Party Complaint, WMF cites to the indemnification provision of

the Agreement as a basis for seeking indemnification.  (Am. Third-Party Compl., ¶¶ 17-20.)

Because the Agreement covers "all disputes arising under this Agreement," and the Agreement

contains the indemnification clause, this Court agrees with USA Parking that WMF's

indemnification claim falls within the scope of the arbitration agreement.

     2.     Contribution Claim

In the second count of its Amended Third-Party Complaint, WMF seeks contribution

from USA Parking, alleging that, if the negligence of which Kindig complains did occur, USA

Parking was a cause or contributing party due to USA Parking's failure to recognize and rectify

the hazardous conditions. (Am. Third-Party Compl., ¶¶ 22-25.)  Essentially, WMF argues that

USA Parking failed to perform the services and exercise the duties of care described in the

Agreement.  (*See* Am. Third-Party Compl., Ex. 2, ¶ 15 ("Warranties"); *id*. at Ex.2, Ex. A

("Exhibit to Contractor Agreement").)  As such, a dispute about whether USA Parking complied

with the duties set forth in the Agreement is similarly within the scope of the arbitration

agreement.

In light of this dispute as to the respective liability of WFM and USA Parking and the

broad scope of the Agreement's arbitration clause, this Court finds that the claims asserted by

WMF against  USA Parking fall within the scope of the arbitration agreement.  Having found

such claims are arbitrable, this "[C]ourt may not override that agreement by itself deciding such a dispute." *Hercules & Co., Ltd.*, 592 A.2d at 1072  (quoting *Nat'l R.R. Passenger Corp. v. Boston & Maine Corp.*, 850 F.2d 756, 759 (D.C. Cir. 1988)).   This Court is obligated, under section 3 of the FAA, to stay proceedings with respect to the claims that are referable to arbitration.   Therefore, this Court will treat USA Parking's motion to dismiss as a motion to compel arbitration and grant that motion. WFM's third-party claims against USA Parking will be held in abeyance pending resolution of arbitration.

## V.    DISPOSITION OF KINDIG'S NEGLIGENCE CLAIM

Plaintiff Kindig, however, whose complaint creates the case-in-chief of the instant action, was not a party to the Agreement and, as such, cannot be compelled to arbitrate her claim.   As the Supreme Court has repeatedly held, a party cannot be compelled to arbitrate a dispute that it has not contractually agreed to arbitrate.   *See, e.g.*, *Equal Emp't Opportunity Comm'n v. Waffle House, Inc.*, 534 U.S. 279, 293-94 (2002); *Air Line Pilots Ass'n. v. Miller*, 523 U.S. 866, 876 (1998) ("Ordinarily, arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.") (internal quotation omitted).   As such, this Court must determine what should be done, in the meantime, with the dispute at the core of the case—the negligence action brought by Kindig.

In its response to USA Parking's motion to dismiss, WFM surmises that the underlying action would be stayed pending the outcome of arbitration. (WFM Mot. in Opp. (Dkt. 44 at 8.) Kindig, for her part, opposes any stay on the basis of an arbitration agreement to which she is not a party. (Kindig Mot. in Opp. at 4.)

The mandatory stay imposed by the FAA applies only to arbitrable claims and this Court has the discretion to either stay the proceedings or move forward with the remainder of the case pending resolution of arbitration.   *DSMC, Inc. v. Convera Corp.*, 273 F. Supp. 2d 14, 31 n.5

(D.D.C. 2002) ("The mandatory stay provision of the Act applies only to parties to the arbitration agreement.  Whether or not to issue a stay is a matter for this Court's discretion.") (citing *IDS Life Ins. Co. v. SunAmerica, Inc.,* 103 F.3d 524, 529-30 (7th Cir. 1996); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 21 n. 23 (1983) ("In some cases, of course, it may be advisable to stay litigation among the non-arbitrating parties pending the outcome of the arbitration. That decision is one left to the district court . . . as a matter of its discretion to control its docket."); *U.S. ex rel. Milestone Tarant, LLC v. Fed. Ins. Co.,* 672 F. Supp. 2d 92, 100-01 (D.D.C. 2009).

Determining whether to stay proceedings pending resolution of the arbitrable claims is a discretionary decision for the Court that "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North American Co.,* 299 U.S. 248, 254-255 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").  In some cases, courts have stayed the entire case where the outcome of arbitration could completely dispose of the claims before the court. *See, e.g.,* *IBT/HERE Employee Representatives' Council v. Gate Gourmet Div. Americas,* 402 F.Supp.2d 289, 289 (D.D.C. 2005) ("Because a ruling in the pending arbitration proceeding may moot the remaining claims in this case or obviate the need for further judicial intervention, the court grants the plaintiff's motion to hold this case in abeyance.").  However staying the entire case is, in other cases, neither necessary nor advisable.  As found by Judge Emmet Sullivan;

> This Court will not prevent plaintiff from having its day in court based on unsupported assertions about preclusive effect.  Neither [defendant] ha[s]met the heavy burden of persuading this Court that a stay is appropriate.  Moreover, judicial economy will not be served by granting a stay.  It is unclear how long the arbitration proceeding will take to complete.  Postponing the resolution of the

> issues raised in this case for some indefinite time does not comport with the efficient and timely judicial resolution of matters before the federal courts.  Allowing a case to languish for years on this Court's docket would not serve the interest of this Court or the parties involved.  A stay issued prior to the completion of discovery is particularly problematic, as with time evidence may be lost and memories fade.  Because this Court ultimately must resolve the issues presented by this case, that resolution will occur in a timely manner.

*DSMC, Inc.*, 273 F. Supp. 2d at 31.

As WMF points out, the participation of USA Parking, as a potentially liable tortfeasor, accords with the rules of joint liability. (WFM Mot. in Opp. (Dkt. No. 44) at 9.) However, the ability to implead third parties seeks to ensure that liable third parties do not disappear after a judgment is rendered, making it impossible to sue them for contribution or indemnification.  That risk is diminished here because WFM has an alternate forum (arbitration) in which to seek contribution or indemnification from USA Parking in the event that WFM is found liable. In addition, the post-judgment suit for contribution or indemnification would be resolved by an arbitrator (*see supra* Section V), and, therefore, WMF's claim against USA Parking would not, ultimately be subject to resolution in this forum in any case.[7]  Moreover, resolution of the dispute between WFM and USA Parking may be aided by information gained in the course of discovery on Kindig's negligence claim.

Ultimately, awaiting the outcome of arbitration between WFM and USA Parking will not dispose of — and indeed will only delay — the resolution of Kindig's negligence action. Staying the entire case risks unfairly depriving Kindig of the opportunity to seek redress for her

---

[7] It made be that, as WFM points out, the claim for indemnification and/or contribution is premature and these claims would be more efficiently resolved after Kindig's negligence claim is adjudicated.  (WFM Mot. to Dismiss at 8 ("[T]he underlying personal injury action brought by Ms. Kindig must proceed so that discovery may continue and the parties may determine at some future date whether there exists a dispute between them with regard to facts and/or liability.").)

alleged injuries, but it is not necessary to protect WFM and USA Parking's interests in the case.

For these reasons, this Court will order Kindig and WFM to proceed with discovery.

## CONCLUSION

For the foregoing reasons, the Court grants Arega's motion to dismiss and grants USA Parking's motion to compel arbitration.   The remaining claims against USA Parking will be held in abeyance pending arbitration and the dispute between Kindig and WFM will proceed.


_____/s/_____
ELLEN SEGAL HUVELLE
United States District Judge

Date:   September 20, 2011