UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARION KINDIG,<br><br>Plaintiff,<br><br>v.<br><br>WHOLE FOODS MARKET GROUP, INC.<br><br>Defendant | Civil Action No. 10-1919 (AK) |

## MEMORANDUM OPINION

Plaintiff has a number of pending motions in this case. This memorandum opinion applies to Plaintiff's motions contained in docket entry [85]. The undersigned held a motion hearing on June 1, 2012 to hear arguments as to the motions. For the following reasons, Plaintiff's motions will be denied; granted-in-part; denied-in-part; and denied as moot.

## I. BACKGROUND

The facts surrounding this case occurred on or about November 26, 2007, when Plaintiff was shopping at the Whole Foods store on Wisconsin Ave. in Washington, D.C. (Notice of Removal, Ex. 2 [1-2] at 2.) Plaintiff allegedly slipped in water walking from the parking lot to the store entrance and fell on the concrete, resulting in injuries to her lower body. (*Id.*) The history of this case is complicated and deserves review. Upon removal from D.C. Superior Court, the case was assigned to Hon. Ellen S. Huvelle ("Judge Huvelle"). At the time, Plaintiff

-1-

was represented by counsel, Justin Beall.  (*See* Notice of Appearance of Justin Michael Beall [5].)  At a status conference on January 26, 2011, Mr. Beall and Mr. Cuniff, counsel for Whole Foods, signed a form consenting to proceed before a United States Magistrate Judge and the case was reassigned to Hon. Deborah A. Robinson ("Judge Robinson") for all purposes.  (Consent to Proceed before U.S. Magistrate Judge for All Purposes [8]; Case Reassigned to Magistrate Judge Deborah A. Robinson for All Purposes [9].)

On April 26, 2011, Plaintiff filed a motion asking that consent to proceed before a magistrate judge be revoked and the case be returned to Judge Huvelle, and that Mr. Beall be removed as her attorney.  (Pl.'s Mot. to Remove Attorney and Return Case to Judge Huvelle [18].)  Plaintiff stated that Mr. Beall never asked and she never consented for the case to proceed before a magistrate judge and that she filed the motion to withdraw her consent upon learning that a case may only proceed before a magistrate judge upon the consent of both parties.  (*Id.* at 8-9.)  Subsequently, Mr. Beall's motion to withdraw from the case was granted and Plaintiff has since proceeded *pro se*.  (Minute Order, May 10, 2011.)  By Minute Order dated August 17, 2011, Judge Robinson granted Plaintiff's Motion to vacate the consent to proceed before a magistrate judge, and the case was referred back to Judge Huvelle, who then referred the case to Judge Robinson for resolving discovery disputes [67].  Discovery closed in the case on March 9, 2012. (Amended Scheduling Order by Magistrate Judge Deborah A. Robinson, Jan. 11, 2012 [74] at 2.)

On March 28, 2012, Ms. Kindig and Mr. Cuniff signed a form consenting to conduct all proceedings in the case, including trial, before a magistrate judge.  (Consent to Proceed before

U.S. Magistrate Judge for All Purposes [78].)  The case was assigned to the undersigned.  (Case Reassigned to Judge Kay for all purposes [79].)

In Docket Entry 85, Plaintiff makes four motions: (1) that the case be assigned to a United States District Court Judge for the District of Columbia; (2) that Judge Huvelle and Judge Robinson be removed; (3) that depositions be set for Elizabeth Savelli, Debra Fox, Scott Allshouse and Travis Lyles; and (4) that Judge Lamberth consider taking appropriate action regarding the massive violations.

At the June 1, 2012 hearing on the motions, the undersigned directed Plaintiff to file a statement informing the Court of the topics she plans to explore at the requested depositions. Plaintiff, in her motion, withdrew her request to depose Ms. Savelli and Ms. Fox, but wishes to add Susan Bell to the list of deponents.  (Pl.'s Submission of her Deposition Questions [90] at 4-5.)

Plaintiff's fourth motion, which is repeated in docket entry [89], requests "that Judge Lamberth consider taking appropriate action regarding the massive violations." This motion is directed to Judge Lamberth and the undersigned makes no ruling as to that motion.  The first three motions are taken up below.

## II.  ANALYSIS

**A.  Plaintiff's Motion that the Case be Assigned to a United States District Court Judge for the District of Columbia**

On March 28, 2012, the parties consented to this case being referred for all purposes and trial to a United States Magistrate Judge.  (Consent to Proceed before U.S. Magistrate Judge for

All Purposes [78].) Accordingly, the case was assigned to the undersigned. (Case Reassigned to Judge Kay for all purposes [79].) On May 1, 2012, Plaintiff filed this motion to reassign the case to a District Court Judge. Plaintiff presents no argument as to why she wants a District Court Judge after consenting to the case being referred to a United States Magistrate Judge. Therefore, Plaintiff's motion to reassign the case to a District Court Judge will be denied.[1]

### B. Plaintiff's Motion to Disqualify Judge Huvelle and Judge Robinson

Plaintiff moves to disqualify Judge Huvelle and Judge Robinson from the case. (Pl.'s Mot. at 1.) Plaintiff filed the same motion on April 12, 2012 as part of docket entry 81. In a Minute Order dated May 29, 2012, Judge Robinson denied the motion as moot. Although Plaintiff's current motion is not a renewed motion, the undersigned will follow Judge Robinson's determination. The undersigned by consent of Plaintiff and Defendant was designated as the trial judge for all purposes and Judge Huvelle and Judge Robinson are no longer assigned to, and cannot therefore, be disqualified from, the case. Thus, the Court will deny the motion as moot.

### C. Plaintiff's Motion to take Depositions

Plaintiff's Motion originally sought to take four depositions: Elizabeth Savelli, Debra Fox, Scott Allshouse and Travis Lyles. (Pl.'s Mot. at 1.) Plaintiff's Reply, however, altered this request to Scott Allshouse, Susan Bell and Travis Lyles. (Pl.'s Reply at 6.) Judge Huvelle and Judge Robinson both made rulings on depositions in this case. In an Order dated September 23, 2011, Judge Huvelle discussed deponents for both parties, and stated that Plaintiff was "entitled to depose Mr. Lyles, Ms. Dunbar and the person identified by defendant as having the

---

[1] Additionally, the Court notes that if the undersigned is no longer the trial judge, the case would be referred back to Judge Huvelle.

responsibility for cleaning up the area where plaintiff fell on November 26, 2007. These depositions should be scheduled on October 17, 18, 20 or 21, 2011." (Order, Sept. 23, 2011 at 2.) Judge Huvelle further ruled: "[t]here will be no additional depositions unless ordered by the Court." (*Id.* at 3.)

According to Defendant, Plaintiff's depositions did not go forward. (Def.'s Opp. [85] at 3.) Judge Robinson took over the case and held a scheduling hearing and status conference on January 11, 2012. In the corresponding Amended Scheduling Order, Judge Robinson cited Judge Huvelle's previous order relating to depositions. (Amended Scheduling Order, Jan. 11, 2012.) Judge Robinson allowed Defendant to take two depositions, including that of Plaintiff. (*Id.* at 1-2.) Regarding Plaintiff's depositions, Judge Robinson held: "Plaintiff may depose Travis Lyles and Elaine Dunbar between February 15 and March 9, 2012, and Defendant shall ensure that Mr. Lyles and Ms. Dunbar are available to be deposed by Plaintiff." (*Id.* at 2.) According to Defendant, Plaintiff did not depose either individual. (Def.'s Opp. at 3.)[2]

Plaintiff does not indicate whether she has previously requested to take the depositions of Scott Allshouse or Susan Bell. Defendant notes, without providing a citation, that Judge Huvelle denied Plaintiff's request to take the deposition of Ken Meyer. (*Id.* at 3-4.) Defendant states that Ken Meyer is the former President of the Mid-Atlantic Region of Whole Foods, (*Id.* at 3, n.2), and that Scott Allshouse replaced Mr. Meyer shortly before May 2012. (*Id.*) Plaintiff does not dispute Defendant's statement that a previous request to depose Mr. Meyer was denied.

---

[2]Plaintiff does not mention in her motion her previous opportunities to depose Mr. Lyles, nor does she note whether she has taken Ms. Dunbar's deposition.

As rationale for requesting to add Ms. Bell as a deponent, Plaintiff argues:

> "Whole Foods [] stated that they did not want Scott Allshouse deposed [] because he has not been on the job very long.  To comply with this Whole Foods concern, Plaintiff makes a motion and moves this Court that Susan Bell (who has been at Whole Foods a longer period) be added as a Deponent to fill in the possible gaps in Scott Allshouse's deposition . . . ."

(Pl.'s Submission of Her Depositions Questions at 4.)  Plaintiff does not note whether Ms. Bell is or was Mr. Allshouse's replacement as President of Whole Foods' Mid-Atlantic Region or whether she holds a different job title.

As requested by the Court, Plaintiff submitted a "general outline" of five topics of questions she would ask in the depositions.  (Pl.'s Submission of her Deposition Questions at 4-5.)  The first topic inquires about Whole Foods' corporate policy in handling slip and fall cases in their stores.  The second topic explores Defendant's basis for filing a third-party complaint in the case.  The third topic relates to Whole Foods' corporate policy in preventing hazardous conditions on the floors of its stores.  The fourth topic asks Whole Foods to provide Plaintiff with customer records from November 20 to November 30, 2007 that show purchases made at the Whole Foods store where Plaintiff fell.  The fifth topic inquires into Defendant's basis for arguing that Plaintiff's fall did not take place on Defendant's property.  (*Id.*)

Rule 30(b)(6) allows a party to name as a deponent a public or private corporation and describe "with reasonable particularity the matters for examination."  Fed. R. Civ. P. 30(b)(6). "The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf . . . persons designated must testify about information known or reasonably available to the organization.  *Id.* Notwithstanding that her requests are out of time, Plaintiff will be granted the opportunity to file

a 30(b)(6) notice to Whole Foods, and Whole Foods must designate one or more individuals to be deposed. Rule 30(b)(6) provides that the party providing the witnesses has the prerogative to select the individual(s) who have information responsive to the questions asked and the individuals might or might not be the same individuals Plaintiff requests to depose in the instant motion.

Of the five topics Plaintiff highlights, Plaintiff may inquire into three. The first and third topics relate to Defendant's corporate policies, which are relevant in this case. The fifth topic explores factual issues related to a potential defense, and is also relevant. In contrast, the second topic inquires into Defendant's legal strategy, which is protected by attorney-client privilege. Regarding the fourth topic, Defendant states that it has already responded to Plaintiff's request for records and has informed Plaintiff that it can no longer retrieve those records. (Def.'s Opp. to Pl.'s Submission of Her Depositions Questions [93] at 4.) Accordingly, Plaintiff may not inquire as to the fourth topic. In the event Plaintiff elects to depose 30(b)(6) witness(es), Plaintiff will have a maximum of three hours to explore the three topics during the deposition(s).

The undersigned will also grant Plaintiff the ability to depose Travis Lyles, albeit acknowledging that Plaintiff has had two previous opportunities to depose Mr. Lyles and has not done so. At the June 1, 2012 hearing, Plaintiff explained that Mr. Lyles was the first Whole Foods employee to respond after Plaintiff allegedly slipped and fell. Accordingly, Mr. Lyles may have information relevant to Plaintiff's claims. Plaintiff will be limited to two hours in her deposition of Mr. Lyles.

Plaintiff requested that the depositions be set within one and one-half months. Therefore, should Plaintiff choose to file a 30(b)(6) notice, she must do so on or before August 1, 2012.

Any noticed depositions must be taken on or before August 31, 2012.  At the June 1, 2012 hearing, Defendant requested that a briefing schedule be created in this case.  The parties are instructed to file, in writing, proposed briefing schedules in this case on or before September 14, 2012.

### III.  CONCLUSION

For the reasons presented, Plaintiff's Motion to Assign the Case to a District Court Judge will be denied.  Plaintiff's Motion to Disqualify Judge Huvelle and Judge Robinson will be denied as moot.  Plaintiff's Motion to Take Depositions will be granted-in-part and denied-in-part.  A separate order will accompany this Memorandum Opinion.

DATE:  July 20, 2012                                   /s/

ALAN KAY
UNITED STATES MAGISTRATE JUDGE