UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARION KINDIG,<br>          Plaintiff,<br><br>     v.<br><br>WHOLE FOODS MARKET<br>GROUP, INC.,<br>          Defendant. | Civil Action No. 10-CV-1919 (AK) |

## MEMORANDUM OPINION

Plaintiff Ms. Marion Kindig ("Plaintiff" or "Ms. Kindig") sued Defendant Whole Foods Market Group, Inc. ("Defendant" or "Whole Foods") for personal injuries arising out of an alleged slip and fall incident in the parking lot of a Whole Foods store. Defendant Whole Foods filed a Second Motion for Summary Judgment ("Def.'s Mot.") [114]. Ms. Kindig filed an Opposition to the Motion ("Pl.'s Opp'n") [120] and Whole Foods filed a Reply ("Def.'s Reply") [124]. Given that Ms. Kindig has demonstrated a genuine issue of material fact as to whether Whole Foods had constructive notice of the alleged hazard, the Court denies Defendant's Motion for Summary Judgment.

## BACKGROUND

As Defendant Whole Foods correctly stated in its motion, the facts in a motion for summary judgment must be construed in the light most favorable to the nonmoving party. *See McCready v. Nicholson*, 465 F.3d 1, 7 (D.C. Cir. 2006). Therefore, the Court will present the background in the light most favorable to Ms. Kindig, utilizing her depositions and interrogatories.

On November 26, 2007, Ms. Kindig drove from her post office box in Washington, DC, to the Whole Foods store at 2323 Wisconsin Avenue, Washington, DC. (Ex. 2-A [114-2] of Def.'s Mot., Ms. Kindig's Deposition, Sept. 29, 2011, at 53:13-54:5, hereinafter "Pl.'s Dep."; Exhibit Superior Court Compl. [1-2] at 1, Def.'s Notice of Removal.) Ms. Kindig arrived at Whole Foods at approximately 5:10 pm. (Pl.'s Dep. 54:6-8.) Ms. Kindig described the weather

at the time as "raining pretty hard" (*Id.* at 74:5) and as "raining torrents." (Ex. 4 [114-5] of Def.'s Mot., Pl.'s Responses to Def.'s First Set of Interrogatories and Request for Production of Documents and Tangible Things, hereinafter "Pl.'s Interrog." Answer 1.)  She parked on the first level of the parking deck at the Whole Foods store. (Pl.'s Dep. 54:9-55:5.)  Ms. Kindig exited her vehicle and removed her crutches from the back seat. (*Id.* at 60:11-61:1.)  Ms. Kindig described her crutches usage as "I'm just basically walking like anybody would walk.  And then, I'm just doing this to try and take the weight off.  So I'm fully standing and walking like anybody would.  I'm just, you know, taking the weight off." (*Id.* at 62:18-22.)

Ms. Kindig walked away from her parked vehicle, stepped onto the curb, and began walking on the sidewalk toward the elevator. (*Id.* at 56:16-57:16.)  She observed that the "lighting wasn't very good… [it] wasn't very bright." (*Id.* at 70:21-71:1.)  As she was walking, her feet "slipped" and "went out," causing her to land on her back. (*Id.* at 72:22-73:1.)  Ms. Kindig fell on the ground near the middle of the conveyor belt that was used to transport groceries down from the store. (*Id.* at 58:3-20.)  At the end of the conveyor belt, Whole Foods employee Travis Lyles was stationed with his back to Ms. Kindig, tasked with moving groceries from the conveyor belt to the ground. (*Id.* at 93:14-22; 94:20-95:3)  After Ms. Kindig fell, Mr. Lyles and an unknown male customer helped pick her up from the ground. (*Id.* at 93:18-21.)

After Mr. Lyles and the unknown man helped her stand, Ms. Kindig walked to the elevator and rode it upstairs to the Whole Foods store. (*Id.* at 96:16-97:5.)  Ms. Kindig briefly spoke to an individual who told her that "Elaine" would take her information. (*Id.* at 98:1-5.)  Ms. Kindig then spoke to "Elaine" and told her what happened. (*Id.*)  Ms. Kindig then rode the elevator downstairs to the garage and drove home. (*Id.* at 98:18-99:1.)  She telephoned her doctor the next day because she had continued pain and he advised her to call 911. (*Id.* at 99:1-8.)  She was transported via ambulance to Suburban Hospital for treatment. (*Id.* at 99:9-18.)

**LEGAL STANDARD**

Under Federal Rules of Civil Procedure 56, a grant of summary judgment is appropriate when the record shows no genuine issue of material fact and the moving party deserves judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994).  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving

party." *Anderson*, 477 U.S. at 248.  The moving party has the initial burden to inform the court of the foundation for its motion and identify segments of the record demonstrating an absence of genuine dispute of material facts.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The moving party may utilize the pleadings, depositions, interrogatory answers, admissions, and affidavits to fulfill this burden.  Fed. R. Civ. P. 56(c) as cited in *Celotex Corp.*, 477 U.S. at 323.  When ruling on a motion for summary judgment, the court must draw all inferences in a light most favorable to the nonmoving party.  *McCready*, 465 F.3d at 7.  Summary judgment is "rarely granted in personal injury cases because the issues of breach of duty and proximate causation are normally held to be questions of fact for the jury," yet the nonmoving party still has an obligation to demonstrate there is a genuine issue of fact about the defendant's negligence.  *Gumppert v. United States*, 1993 U.S. Dist. LEXIS 13904, *3 (D.D.C. 1993).

## DISCUSSION

**I.  A reasonable jury could find that Whole Foods had constructive notice of the hazard**

Based on the evidence presented by Ms. Kindig and Whole Foods, a reasonable jury could conclude that Whole Foods had constructive notice of the alleged hazard due to the length of time the hazard was present, the rainy conditions, the lighting in the parking area, and the close proximity of a Whole Foods employee.  Therefore, the Court denies Whole Foods' Motion for Summary Judgment.

**a.  Legal standard for constructive notice**

A plaintiff establishes constructive notice by presenting evidence 1) "that a dangerous condition existed" and 2) "that the dangerous condition existed for such a duration of time that the [defendant] should have been aware of it if [the defendant] had exercised reasonable care." *Lynn v. Dist. of Columbia*, 734 A.2d 168, 171 (D.C. 1999).  As a general rule, issues of constructive notice are "peculiarly within the province of juries." *Hines v. Safeway Stores, Inc.*, 379 A.2d 1174, 1175 (D.C. 1978).  Supermarket slip and fall cases are exactly the type of case within the province of a jury because supermarkets are public locations and grocers have "a duty to take 'reasonable precautions to maintain the store premises in a condition so as not to create an unreasonable risk of harm to customers.'"  *Haney v. Marriott Int'l, Inc.,* 2007 U.S. Dist. LEXIS 74872, *19-*20 (D.D.C. 2007), quoting *Galloway v. Safeway Stores, Inc.*, 632 A.2d 736, 739 (D.C. 1993.)  In tort cases, courts have found defendants to have constructive notice of a

hazardous condition through a variety of factors.  Courts have found the presence of constructive notice when the hazard existed for an ongoing amount of time prior to the injury, *Lynn*, 734 A.2d at 171, when the defendant had received previous complaints and had knowledge that prior accidents occurred at the location, *Washington Metro. Area Transit Auth. v. Davis*, 606 A.2d 165, 175 (D.C. 1992), and when the defendant performed previous remedial measures to correct similar nearby hazards, *Whitehouse v. Safeway Stores, Inc.*, 385 A.2d 755, 756 (D.C. 1978).

### a. Inclement weather could have provided Whole Foods with sufficient notice of a potential hazard

There is a genuine question of material fact as to whether the rainy conditions provided Whole Foods with constructive notice of the alleged hazard.  Inclement weather can be sufficient to establish constructive notice provided that the rain, snow, or other precipitation was substantial in volume or duration.  *Doctors Hospital, Inc. v. Badgley*, 156 F.2d 569 (1946); *see also Harris v. H.G. Smith Co., Inc.*, 429 F.2d 744, 745 (D.C. Cir. 1970) ("evidence of a substantial period of rain is sufficient to give a landlord constructive notice of the foreseeable hazards that may result from that rain, including the risk that water will be tracked into an apartment lobby and the floor will become slippery"); *compare with Smith v. Safeway Stores, Inc.*, 298 A.2d 214, 217 (D.C. 1972) ("Nor were there any attending circumstances such as inclement weather which should have put the store on notice, constructive or otherwise, of mud, water, or special debris accumulations.")  A defendant does not need awareness of a particular puddle, because "[i]t is sufficient to show notice of rain, combined with the probability that in rainy weather tenants will track in water and the lobby floor will become slippery."  *Harris*, 429 F.2d at 746 (internal citations omitted).  Therefore, inclement weather alone can present a genuine question of material fact in which the jury must decide "(1) whether there was a sufficient period of rain to provide constructive notice of the danger of a slippery [] floor, and (2) if so, whether [the defendant] exercised reasonable care in responding to that danger." *Id.*

The rainy conditions on November 26, 2007, as Ms. Kindig described them were sufficient to establish a question of fact for the jury and survive a motion for summary judgment.  Ms. Kindig stated that her drive from her post office box to Whole Foods took approximately ten minutes. (Pl.'s Dep. 53:15-54:5.)  When asked about the day's weather, Ms. Kindig stated that "[i]t was raining" and when asked if it had "been raining on your drive over from the post office box," Ms. Kindig answered "yes."  (*Id.* at 73:16-74:2.)  In her Interrogatory answers, she stated that "it was raining torrents" (Pl.'s Interrog. Answer 1) and reiterated during her deposition that

"[i]t was raining pretty hard." (Pl.'s Dep. 74:5). Viewing all facts cumulatively and in the light most favorable to her case, Ms. Kindig sufficiently established a question of fact regarding the duration and intensity of the rain that can only be resolved by presentation to a jury. This information raises a question of fact as to whether Whole Foods had constructive notice of the hazard due to the volume and intensity of the rain.

### b. There is a question of material fact about the length of time the hazard was present

Defendants can be held to have constructive notice if the length of time a foreign object was on the ground sufficiently provided them with time for knowledge or reason to know about the hazard. If a plaintiff can conclusively establish that a foreign object was present on the ground for a specific amount of time, it can become a question for the jury as to whether the defendant had constructive notice given the amount of time the hazard was present. *See Hines*, 379 A.2d at 1176 n.4 (citing cases where constructive notice was found when the foreign object was present on the ground anywhere from 3 to 45 minutes prior to the injury). Accordingly, the defendant lacked constructive notice when the plaintiff failed to concretely demonstrate at trial how long a dangerous condition existed. *Jones v. Dist. of Columbia*, 123 A.2d 364, 366 (Mun. Ct. App. D.C. 1956).

Although Whole Foods correctly indicated that Ms. Kindig did not conclusively establish how long the puddle existed prior to her injury, she alleges that the slippery floor existed for at least ten minutes prior to her fall. As noted previously, Ms. Kindig stated through her deposition and interrogatories that it had been "raining torrents" during her ten minute drive from her post office box to the Whole Foods store. *See* Pl.'s Interrog. Answer 1; Pl.'s Dep. 53:15-54:5. Taking this evidence in a light most favorable to Ms. Kindig, this established that Whole Foods had at least ten minutes of notice that the parking surface and walkways were, at the very least, slippery due to wetness from the rain. This is distinguishable from the *Jones* case because, unlike Ms. Jones who at the trial phase offered no evidence of the duration of the hazard, Ms. Kindig is entitled to inferences in her favor at the summary judgment phase and has offered minimal evidence of the duration of the hazard. Accordingly, the Court will deny summary judgment because Ms. Kindig presented evidence about the tentative duration of the hazard to sufficiently present a fact question for the jury.

### c. Questions of material fact about the lighting in the parking area preclude summary judgment

Through the evidence presented, Ms. Kindig also raised questions of material fact about the garage's conditions that include its lighting quality. In personal injury suits, the adequacy of a location's lighting is a jury question. *See Crusade v. Capital Transit Co., Inc.*, 63 A.2d 878 (D.C. 1949) (reversing trial court's grant of defendant's motion notwithstanding the verdict when the issue was whether a street car had proper lighting); *Aiken v. Allman*, 61 A.2d 926 (D.C. 1948) (defendant landlord acknowledged that the question of lighting in a stairwell was a jury question); *Young Men's Shop v. Odend'hal*, 121 F.2d 857 (D.C. Cir. 1941) (finding that conflicting evidence, including evidence about the adequacy of lighting, was properly presented to the jury for determination). Given that the quality of lighting and its contribution vel non to a plaintiff's injury is highly fact-dependent, questions surrounding lighting should be resolved by a jury.

Ms. Kindig has raised questions of material fact surrounding the parking area's lighting quality. First, Ms. Kindig noted the poor quality of the garage lighting multiple times in her deposition. She stated, "The lighting wasn't very good, so I didn't see [the puddle] as I was going. The lighting, you know, wasn't very bright." (Pl.'s Dep. 70:21-71:1.) Additionally, she continued, "I didn't see [the puddle] because it was – it was not that well-lighted, so I didn't notice it." (*Id.* at 71:14-15.) Whole Foods has not explicitly contested the quality of lighting in its Motion. Given that the lighting quality may have contributed to Ms. Kindig's injury, it presents a question of fact for a jury.

### d. Questions of material fact about the presence of a Whole Foods employee preclude summary judgment

Ms. Kindig has sufficiently presented questions of material fact about the proximity of Whole Foods employee Travis Lyles to the alleged puddle and questions about his awareness of the hazard. Although an employee's proximity to the hazard alone is not sufficient to establish constructive notice without more evidence, the employee's proximity to the injury is a factor to be considered. *See Hines*, 379 A.2d 1174 (reversing judgment notwithstanding the verdict when plaintiff fell at a place three feet from the store check-out line and eight feet from an assistant manager because plaintiff established the length of time the puddle existed, enabling a reasonable jury to find in her favor); *but see Mills v. Safeway Stores, Inc.*, 201 A.2d 20 (D.C. 1964) (affirming directed verdict even when two store employees walked by site immediately

before fall because plaintiff offered no evidence as to the length of time the string bean had been on the floor); *Kelly v. Great Atl. & Pac. Tea Co.*, 284 F.2d 610 (D.C. Cir. 1960) (affirming directed verdict for defendant although store clerk was ten feet away from slippery substance, because plaintiff failed to demonstrate that defendant knew of substance or that the hazard existed long enough to warrant a finding of constructive notice).  More important than the employee's presence was whether the employee in fact had notice of the hazard.  *Safeway Stores, Inc. v. Morgan*, 253 A.2d 452, 453 (D.C. 1969) ("the grapes were in close proximity to this employee but that fact alone is insufficient to imply notice.")  In many of the cases where the defendant succeeded on directed verdicts with employees present, the hazard was an object of a very small size.  *See Morgan*, 253 A.2d 452 (grapes); *Mills*, 201 A.2d 20 (string bean); *Orum v. Safeway Stores, Inc.*, 138 A.2d 665 (D.C. 1958) (string bean).  The court in *Orum* observed, "[h]ad the object which caused appellant's fall been of a more substantial size, a different question might have arisen."  138 A.2d at 666.

  Ms. Kindig has presented sufficient questions of fact regarding the proximity of employee Travis Lyles to the puddle, the size of the puddle, and his awareness of the hazard.  In her deposition, Ms. Kindig stated, "Travis Lyles was standing stationary.  He wasn't walking.  He was at the conveyor belt with his back to me, you know, taking the groceries off the conveyor belt."  (Pl.'s Dep. 94:21-95:2.)  Ms. Kindig acknowledged that, "he was very busy, but he was in the area."  (*Id.* at 93:16-17.)  Mr. Lyles appeared to be in close proximity to Ms. Kindig, however, because after she fell he "rushed over and picked Plaintiff up by her right arm."  (Pl.'s Interrog. Answer 2.)  Additionally, although the size of the puddle has not been conclusively proven, the evidence offered thus far suggests that it would be larger than a string bean or grape.  Given Mr. Lyles's close proximity to Ms. Kindig, his presence may have provided Whole Foods with constructive notice of the alleged hazard.  Although Ms. Kindig does not prove that Mr. Lyles had knowledge of the hazard, at this summary judgment phase the facts must be construed in the light most favorable to Ms. Kindig.  Accordingly, she has presented a sufficient question of fact about the issue of Mr. Lyles's notice to require a decision by a jury.

  **II.**  **Whole Foods is not entitled to summary judgment as a matter of law**

  As a matter of law, Whole Foods is not entitled to a grant of summary judgment because Ms. Kindig has raised sufficient questions of material fact that cannot be resolved at the summary judgment phase.  Courts have been reluctant to grant summary judgment and directed

verdict motions in personal injury cases without a clear absence of evidence offered by the plaintiff or presented at trial. When the courts granted summary judgment, the plaintiffs presented the barest allegations against the defendants. *See Gumppert*, 1993 U.S. Dist. LEXIS 13904 (granting defendant's motion for summary judgment after plaintiff alleged that the floor was "shiny," there was an absence of warning signs, and she asked the court to infer negligence given that there were floor rugs elsewhere in the defendant's establishment). When a plaintiff simply states that "something" was placed on the floor that resulted in an injurious fall, this is insufficient to survive a motion for summary judgment. Ms. Kindig, however, has offered evidence that the day in question had severe inclement weather, she discovered a puddle after her fall, the parking area may have had poor lighting, and there was a Whole Foods employee in close proximity to the hazard. This is evidence sufficient to survive a motion for summary judgment.

In support of its argument, Whole Foods cited *Brodsky v. Safeway Stores, Inc.*, 41 A.2d 514 (D.C. 1945), aff'd, 152 F.2d 677 (D.C. Cir. 1945), and *Orum*, 138 A.2d 665. Although these cases present factual situations where the plaintiffs slipped and fell in grocery stores, presenting questions as to whether the store had constructive notice of hazardous conditions, the cases diverge from Ms. Kindig's situation in legally significant ways. Both of these cases have plaintiffs who slipped on string beans, which are much smaller hazards that are more difficult to see than a puddle of water. As the court in *Orum* states, "had the object which caused the appellant's fall been of a more substantial size, a different question might have arisen." 138 A.2d at 666. Making inferences in favor of Ms. Kindig's case, the puddle where she slipped was most likely larger than the size of a string bean, making her case distinguishable from the holding in *Orem*. More importantly, however, these cases are inapposite to the case at hand given the differences in procedural posture. In both *Brodsky* and *Orum*, the trial court granted the defendants' motions for directed verdicts after the plaintiffs had presented their cases at trial. The court concluded that the plaintiffs had presented insufficient evidence to succeed on their claims as a matter of law. Here, Ms. Kindig has not yet presented evidence at trial. The evidence she has already presented, when viewed in a light most favorable to her case, has created several questions of material fact and is sufficient to defeat Whole Foods' motion for summary judgment. While Whole Foods reserves the right to file a motion for directed verdict at

the close of Ms. Kindig's case at trial, at this stage the Court is not willing to dismiss her claims on the basis of insufficient evidence as a matter of law.

## **CONCLUSION**

The Court denies the Defendant's Motion for Summary Judgment. The Court finds that there are a number of material facts in genuine dispute at this time. Additionally, the Court finds that the Plaintiff has offered sufficient evidence to demonstrate that Whole Foods may have had constructive notice of the hazard, which would establish that Whole Foods had a duty to Ms. Kindig as a customer. Accordingly, the Court denies Defendant's Motion for Summary Judgment.

DATE:__3/13/2013_____                                    /s/_____
                                                          ALAN KAY
                                                          UNITED STATES MAGISTRATE JUDGE