# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARION KINDIG,<br><br>        Plaintiff,<br>v.<br><br>WHOLE FOODS MARKET GROUP, INC.,<br>        Defendant. | Civil Action No. 10-CV-1919 (AK) |

## MEMORANDUM OPINION

Plaintiff Ms. Marion Kindig ("Plaintiff" or "Ms. Kindig") sued Defendant Whole Foods Market Group, Inc. ("Defendant" or "Whole Foods") for personal injuries arising out of an alleged slip and fall incident in the parking lot of a Whole Foods store. This routine slip and fall case has a protracted history with close to three years of delays, disputes, and drama. Plaintiff elected to proceed *pro se* after dismissing her attorney accusing him of fraud, utilized a variety of delaying tactics, repeatedly used abusive and invective language in virtually every one of her filed pleadings and oral presentations in the Courtroom and during telephone status hearings, and made a number of serious allegations against Whole Foods and its counsel that were not proven. Plaintiff has made allegations of bias and prejudice and violations of the judicial rules of conduct against three judges, a U.S. District Court Judge, and two U.S. Magistrate Judges, who have presided over this case. The Plaintiff filed sanction motions for inconsequential and minor discovery disputes, leading the first trial judge to order the parties to no longer confer prior to filing discovery motions. The Plaintiff expressed interest in mediation on two occasions, but refused the presence of a pro bono attorney to assist her for mediation purposes, as provided in the local rules. Throughout this litigation, Plaintiff treated her former attorney, the Defendant, and Defendant's counsel, with an utter lack of respect and decorum. This Court set firm trial dates on two occasions, the first in April 2013, which was canceled due to Plaintiff's sudden, unexplained illness, and the second in August 2013, which was again canceled due to Plaintiff's representation that she had obtained trial counsel.

On August 27, 2013, the undersigned held a show cause hearing for Plaintiff to demonstrate why this case should not be dismissed because of her affirmative misrepresentations about her attorney-client relationship with two attorneys and for her other failures to comply

with the Court's orders. At the conclusion of the hearing, the Court dismissed the case with prejudice. This memorandum opinion accompanies the oral order **DISMISSING** the case **WITH PREJUDICE**.

## BACKGROUND

Ms. Marion Kindig sued Whole Foods for injuries she sustained following an alleged slip and fall incident as she was entering Whole Foods from the parking garage in November 2007. Notice of Removal, Ex. 2 [1-2] at ¶¶ 5-6. She initially filed suit in the Superior Court of the District of Columbia and was represented by counsel. Notice of Removal [1] at 1; Notice of Appearance of Plaintiff's Counsel Beall [5]. Whole Foods subsequently removed the case to the United States District Court and the case was initially assigned to a U.S. District Judge. Notice of Removal, Ex. 6 [1-6] at 1. During the January 26, 2011, status conference, Plaintiff's counsel and counsel for Whole Foods signed a form consenting to proceed before a United States Magistrate Judge for all purposes. Consent to Proceed before U.S. Magistrate Judge for All Purposes [8]; Case Reassigned to Magistrate Judge Deborah A. Robinson for All Purposes [9]. On March 17, 2011, Whole Foods filed a third-party complaint against USA Parking, served on Mr. Solomon Arega who owns USA Parking, seeking indemnification from USA Parking.[1] Third Party Complaint [12] ¶¶ 9-10. The third party complaint was held in abeyance pending arbitration required by the contract between Whole Foods and USA Parking. Order [60].

On April 26, 2011, Plaintiff filed a motion to proceed *pro se* to vacate the consent to proceed before a Magistrate Judge and declare it "null and void since it was obtained on the basis of a Fraud Upon The Court." Pl.'s Mot. to Remove Attorney and Return Case to the District Judge [18] at 3. Plaintiff accused her attorney Mr. Beall of having "more than a cozy relationship between Mr. Beall and the Defense Counsel," including accepting discovery responses from Whole Foods that Ms. Kindig found untrue, permitting Whole Foods to serve Ms. Kindig with "a paper blizzard of hundreds and hundreds of Interrogatories and Requests," and altering her interrogatory responses. *Id.* at 4-7. Plaintiff wrote a letter demanding that her counsel withdraw from the case, which he did by a Motion to Withdraw. *Id.* at 7; Motion for Leave to Withdraw as Counsel [13]. Ms. Kindig also alleged that her counsel consented to proceed before a Magistrate Judge without asking her or obtaining her consent, making the consent invalid. Pl.'s Mot. to Remove [18] at 8-9. The Magistrate Judge granted the Plaintiff's

---

[1] USA Parking had a contract with Whole Foods for maintenance and cleaning services.

attorney's Motion for Leave to Withdraw [13] and denied as moot Plaintiff's Motion to Remove Attorney and Return Case to the District Judge [18]. Magistrate Judge's Minute Order, May 10, 2011. Plaintiff subsequently filed an interlocutory appeal of the Minute Order dated May 10, 2011, to the Court of Appeals. Notice of Interlocutory Appeal [28]. The Court of Appeals dismissed Ms. Kindig's appeal, stating that the Magistrate Judge's May 10, 2011, minute order was not a final, appealable order. United States Court of Appeals Order [41] at 1.

During the controversy as to which judicial officer would preside over the case, the parties also engaged in several discovery disputes. On May 10, 2011, Whole Foods filed a Motion to Compel Plaintiff to Supplement Plaintiff's Responses to Defendant's First Set of Interrogatories and Request for Production of Documents and Tangible Things, stating that Ms. Kindig did not timely respond and the responses she did provide were "woefully deficient." Def.'s Mot. to Compel [21] at ¶¶ 5-6. In July, Whole Foods filed a Motion for Order for Physical Examination of Plaintiff Marion Kindig, seeking an independent medical examination (IME) because Ms. Kindig had placed her medical condition at issue. Def.'s Mot. for Physical Examination of Pl. [34] at 7. Ms. Kindig had denied Whole Foods' request for an IME, stating "I am not refusing to have a medical examination at the appropriate time. At this point, however, it is clearly inappropriate since we do not even know in which court the case will be." Def.'s Mot. for Physical Examination of Pl. Ex. 2 [34-4] at 2. Additionally, Whole Foods filed a Motion for Summary Judgment based on Ms. Kindig's failure to respond to Whole Foods' Request for Admissions. Def.'s Mot. for Summ. J. [35] at ¶ 4.

The Magistrate Judge granted Ms. Kindig's Motion to Return the Case to the District Judge and vacated the consent to proceed before a Magistrate Judge. Magistrate Judge's Minute Order, Aug. 18, 2011; District Judge's Minute Order Reassigning the Case, Aug. 24, 2011.

Ms. Kindig subsequently filed a Motion that the District Judge Recuse Herself for Bian [sic] and Prejucice [sic] Under Rule 63 and Under the Canons of Judicial Conduct, Canon 1, Canon 2 and Canon 3 [62]. Ms. Kindig stated that the District Judge "was apparently not pleased with having a slip and fall case dumped in her lap and made no bones about it" and that "[the District Judge] has an extreme bias and prejudice about having a slip and fall case in her Courtroom." *Id.* [62] at 3-4. After an omnibus motions hearing, the District Judge issued an order referring the case to Magistrate Judge John Facciola for settlement discussions and the appointment of counsel for the purposes of mediation for Ms. Kindig. Order of Referral [63]; Order of Appointment of Counsel for the Limited Purpose of Mediation [64]. These orders were

vacated the same day at Plaintiff's request by a telephone call to Chambers. Minute Order, Aug. 23, 2011.

With respect to the existing motions, the District Judge denied Whole Foods' Motion for Summary Judgment, denied all pending motions to strike, granted Whole Foods' Motion for an IME of the Plaintiff and granted Whole Foods' Motion to Compel Ms. Kindig to provide information about her health care providers and Medicare information. Order [65]. The District Judge permitted Whole Foods to depose Annette Schaffer, Dr. Sheldon Margulies, and Dr. John Blazina and permitted Ms. Kindig to depose Travis Lyles, Elaine Dunbar, and "the person identified by defendant as having the responsibility for cleaning up the area where plaintiff fell." *Id.* at 2, ¶ 4-5. Additionally, the District Judge ordered that the "[p]arties are not required to confer regarding discovery disputes prior to filing a motion" and that the "[p]arties may not contact each other by phone, only by email." *Id.* at 3, ¶ 1-2.

On October 13, 2011, Ms. Kindig filed a Motion for a Stay of All Legal and Court Proceedings for a Period of One Month [66]. In her motion, she made a series of inappropriate allegations against Whole Foods and its counsel, including the following:

- "[W]hen Plaintiff took over the case, [Whole Foods counsel] started bombarding Plaintiff with large packets of irrelevant and useless paper solely for the purpose of harassment." *Id.* [66] at 2.
- "The sadistic harassment of these ongoing mountains of irrelevant paper became so severe that on June 2, 2011, Plaintiff was taken by ambulance to the Emergency Room, and then was again taken to the Emergency Room on June 9, 2011, both times with chest pains." *Id.* at 3.
- "The Deposition…was being conducted in bad faith and in a manner that was unreasonably annoyed, harassed, opressed [sic], badgered and was designed to sadisticly [sic] stress and harass the deponent." *Id.* at 3.
- "The badgering and harassment became so severe, that for the first time in her life, Plaintiff finally fainted." *Id.* at 3.
- "Not being satisfied with seeing Plaintiff laying there unconscious, the very next day the fiendish Mr. Cuniff started harassing the Bethesda Rescue Squad." *Id.* at 4.

In support of her motion, Ms. Kindig submitted notes from Dr. Sheldon Margulies and Dr. Ali Safayan. Pl.'s Mot. to Stay [66-1]. Neither physician reported having evaluated Ms.

Kindig but rather they were informed by Ms. Kindig about her medical condition. *Id.* Whole Foods opposed the stay, arguing that it was "baseless and only serv[ed] to further obstruct the discovery process." Def.'s Opp. [69] at 1.

According to Whole Foods, when Ms. Kindig fainted during her deposition, she "continued to pretend to be unconscious for at least ten minutes" and the Emergency Services personnel who attended her said that Plaintiff "was conscious and she was holding her eyes closed." *Id.* at 4. Ms. Kindig also refused to attend the scheduled IME and unilaterally canceled the depositions of Whole Foods employees Travis Lyles and Elaine Dunbar. *Id.* at 2, 5. The District Judge referred all discovery disputes to a Magistrate Judge who granted Ms. Kindig's Motion to Stay. Referral to Magistrate Judge [67]; Magistrate Judge's Minute Order, Nov. 8, 2011.

Following a series of telephone conferences and status hearings, the Magistrate Judge extended the discovery deadline to March 9, 2012. Amended Scheduling Order [74] at 2. The Magistrate Judge permitted Ms. Kindig to serve up to five additional interrogatories and to depose Travis Lyles and Elaine Dunbar and permitted Whole Foods to depose Annette Schaffer and perform an independent medical exam of Ms. Kindig. *Id.* at 1-2. Whole Foods, two months later and after the close of discovery, filed a Motion for Sanctions, alleging that Ms. Kindig still had failed to execute a release of information about her Medicare lien. Def.'s Mot. for Sanctions [76] at 1. The Magistrate Judge denied the Motion for Sanctions without prejudice. Magistrate Judge's Minute Order, May 29, 2012.

The parties consented to proceed for all purposes before the undersigned Magistrate Judge on March 28, 2012. Consent to Proceed before Magistrate Judge [78]. Ms. Kindig subsequently filed a Motion for Sanctions and a Motion that the District Judge and the Magistrate Judge disqualify themselves. Pl.'s Mot. [81]. She also filed a motion to take the depositions of Whole Foods employees Elizabeth Savelli, Debra Fox, Scott Allshouse, and Travis Lyles and three different motions to then-Chief Judge Royce Lamberth, that he take "appropriate action regarding the massive violations." Pl.'s Mot. [85] at 1; Pl.'s Mot. [87]; Pl.'s Mot. [89].

At the recommendation of the undersigned both Ms. Kindig and Whole Foods agreed to Mediation. On June 11, 2012, this Court appointed an attorney for Plaintiff for the purpose of mediation. Order of Appointment of Counsel for the Limited Purpose of Mediation [92]. Ms. Kindig then filed a notice with the Court to terminate mediation proceedings because she did not

want an attorney to represent her at the mediation stating, "[s]ince Plaintiff has never agreed to waive her absolute right to represent herself in *pro se* for a mediation and otherwise, and since a mediation is by its very nature voluntary, Plaintiff has no choice under the circumstances but to herewith respectfully decline the mediation."  Pl.'s Notice to the Court [96].

With respect to Ms. Kindig's pending discovery motions, this Court denied her request to depose two employees of Whole Foods, Scott Allshouse and Susan Bell, because Counsel for Whole Foods proffered that Mr. Allshouse and Ms. Bell had no knowledge of the facts or circumstances of Plaintiff's trip and fall or the location and condition of the place where she fell, but this Court granted her request to depose Travis Lyles and to notice a Rule 30(b)(6) deposition of a witness knowledgeable of Whole Foods' corporate policy in slip and fall cases, corporate policy in preventing hazardous conditions on the floor, and Defendant's basis for arguing that Ms. Kindig's fall did not occur on Whole Foods' property.  Order [97]; Mem. Op. [98] at 6.  Ms. Kindig filed a response to the Court's order, continuing to allege mass ethical violations by Whole Foods and the judiciary.  Pl.'s Response to Order of the Court [99].

On October 19, 2012, Plaintiff filed a Motion under the 5th and 14th Amendments that Plaintiff's Depositions and Discovery be under the Same Rules, Regulations, Terms and Conditions as those Afforded to Whole Foods; that Judge Alan Kay Disqualify Himself from this Case for Bias and Prejudice and for Violations of the U.S. Constitution, the Federal Rules of Civil Procedure, the District of Columbia Bar Rules and the Canons of Judicial Conduct; and that Plaintiff's Discovery Completion Date be Extended Until Such Discovery Problems are Rectified.  Pl.'s Mot. [102].  Plaintiff reiterated her litany of grievances, including that "[t]here are apparently two sets of laws, rules and regulations – one for the large powerful corporation, and the other for the hapless, victimized litigant.  Our forefathers, who gave so much, would be rolling around in their graves if they knew what is happening." *Id.* at 3.  Plaintiff again repeated that Whole Foods Counsel "has engaged in literally hundreds of violations of the Federal Rules of Civil Procedure, the U.S. Constitution, the precedent case law and the District of Columbia Rules of Professional Conduct. He has incessantly lied to the Court, filed false documents and is more than a candidate for disbarment," and that "Whole Foods' discovery was so vicious, fiendish and sadistic that it had little to do with legitimate discovery."  Pl.'s Mot. [102] at 1, 5. The Court denied her motion, finding that Ms. Kindig had the same discovery requirements and guidelines as Whole Foods and declining her request to alter or extend discovery any further.

Mem. Op. [107] at 4-7.  The Court also denied her motion for recusal and her request that the case be transferred to a District Court judge.  *Id.* at 6-7.

On December 19, 2012, the Court issued a scheduling order.  Scheduling Order [108]. The Court set the deadlines for the parties to submit Pretrial Statements, Proposed Jury Instructions, Voir Dire, and Verdict Forms by March 20, 2013, with a Pretrial Conference set for April 1, 2013, and trial scheduled to begin April 8, 2013.  *Id.*

On January 22, 2013, Ms. Kindig filed Plaintiff's Objection to Judge Kay's Memorandum of Opinion Dated December 10, 2012, and Motion that Said Memorandum be Reconsidered by the Jury [112].  Ms. Kindig stated the following:

> 1. The Court has consistently and systematically been destroying Plaintiff's case and stacked the case in favor of Whole Foods by blocking Plaintiff's discovery and making rulings blatantly in violation of the Federal Rules of Civil Procedure, the District of Columbia Rules of Professional Conduct, the Canons of Judicial Conduct and the clearly documented facts and evidence.
> 2. The Opinion is replete with false statements; off-the-wall statements and statements at total variance with the facts.

Pl.'s Objections [112] at 2.  Ms. Kindig also filed Motions for Sanctions under Rule 11 and 28 U.S.C. § 1927.  Pl.'s Mot. for Sanctions [110], Pl.'s Mot. for Sanctions [111].  Whole Foods filed a second Motion for Summary Judgment, alleging that Ms. Kindig cannot prove that Whole Foods had actual or constructive notice of the water where she allegedly slipped.  Def.'s Mot. for Summ. J. [114] at 2.  The Court denied Ms. Kindig's Motion for Reconsideration because she failed to demonstrate new facts or law to support her motion.  Mem. Op. [123] at 4.  The Court denied Whole Foods' Motion for Summary Judgment because of factual questions still at issue. Mem. Op. [128] at 4-7.

On March 20, 2013, Whole Foods timely submitted its Pretrial Statement [130], Proposed Voir Dire [131], Proposed Jury Instructions [132], and Proposed Verdict Form [133]. Additionally, on March 26, 2013, it filed a Motion to Dismiss based on Ms. Kindig's failure to file Expert Disclosures and Pretrial Statement, making it impossible for Whole Foods to adequately prepare for trial.  Def.'s Mot. to Dismiss [134] at 3-4.

Ms. Kindig called Chambers on March 29, 2013, to inform the Court that she was ill. Minute Order Mar. 29, 2013 ("Plaintiff has informed the Court that she is unable to attend the Pretrial Conference on 4/1/2013 due to medical concerns. Pretrial Conference on 4/1/2013 is postponed.").  The Court then scheduled a telephone conference to ascertain the nature of Ms.

Kindig's medical condition preventing her from attending the final Pretrial Conference. Minute Order Apr. 1, 2013. Plaintiff subsequently contacted Chambers stating she was exhausted due to illness and unable to participate in Telephone Conference. *Id.*

On April 8, 2013, Ms. Kindig filed a Motion seeking a stay in proceeding until May 31, 2013, because of cardiac issues. Pl.'s Mot. to Stay [136] at 2. In support of this Motion, she submitted two notes on letterhead paper from her medical professionals. The first stated as follows:

> "April 5, 2013
> To whom it may concern:
> Ms. Marion Kindig (DOB: 05/22/1931) is having ongoing cardiac issues and in my opinion needs a stay of all court proceedings until May 31, 2013.
> Sincerely,
> [/s/]
> Edward N. Bodurian, M.D."

Pl.'s Mot. Ex. 1 [136].

The second, dated the day after Ms. Kindig's Motion was filed, stated as follows:

> "4/9/2013
> To Whom It May Concern:
> Ms. Kindig has been seen by her cardiologist, Dr. Bodurian, for her ongoing cardiac issue. I concur with Dr. Bodurian that she should stay out of all court proceedings until May 31, 2013.
> Sincerely,
> [/s/]
> Ali Safayan, MD, PC"

Pl.'s Mot. Supp. Ex. [157].

The Court held a series of Telephone Conferences during April and May 2013. *See* Minute Orders Apr. 2, 2013; Apr. 9, 2013; Apr. 30, 2013; May 21, 2013; May 22, 2013. On April 30, 2013, the Court issued a revised scheduling order in which the Pretrial Conference was rescheduled for June 10, 2013, and a jury trial was scheduled to begin June 24, 2013. Order [137]. At the May 21, 2013, telephone conference the undersigned again suggested to Ms. Kindig that she should reconsider Mediation in light of the impending trial. The Court requested Plaintiff to respond the following day. On the following day Plaintiff again expressed no interest in mediation. The Court then revised the scheduling order, resetting Plaintiff's Pretrial Statement to be submitted on July 15, 2013, the final Pretrial Conference on August 6, 2013, and at Plaintiff's request the jury trial was scheduled for August 19, 2013. Order [139].

Ms. Kindig submitted her Proposed Voir Dire [141] and a partial Pretrial Statement [142] on July 15, 2013. The second page of the proposed Voir Dire and the fourth page of the Pretrial Statement contained the following handwritten statement "My copier stopped working, so I will deliver the rest of the pleadings as soon as possible." Proposed Voir Dire [141] at 2; Pretrial Statement [142] at 4.

Ms. Kindig submitted a Supplement to her Pretrial Statement [144] on July 22, 2013. In Plaintiff's supplement to her Pretrial Statement Ms. Kindig succinctly outlined her case for approximately two pages. She then proceeded to describe eight incidents which she called "Fraud Upon the Court." Pl.'s Supp. to Pretrial Statement [144] at 2-7. These included the following: Whole Foods' third party complaint against Solomon Arega; the circumstances leading to her dismissal of her attorney, Justin Beall; Plaintiff's medical issues that allegedly resulted from the filings submitted by Whole Foods; the discovery proceedings, including depositions and medical records; Plaintiff's refusal to engage in mediation unless she proceeded *pro se*; Whole Foods' Second Motion for Summary Judgment; and Whole Foods' alleged refusal to confer with Ms. Kindig. *Id.* at 3-7.

On August 6, 2013, the morning of the scheduled Pretrial conference, Ms. Kindig filed Plaintiff's Motion to Reschedule the Trial Dates August 19-23, 2013, Due to Judge Kay's Unavailability[2]; and Motion to Set Said Date in Compliance with LCvR 16.3 [146]. In her Motion, Ms. Kindig again alleged that Whole Foods committed a variety of improper acts, stating:

> They have consisently [sic] lied to the Court; filed ongoing documents under signature which are blatant, brazen lies and misrepresentations; bombarded Plaintiff with reams of frivolous paper containing more lies and misrepresentations; have engaged in conduct so vicious, brutal and sadistic that Plaintiff ended up in a hospital with a heart condition and she never had any heart problems before; and, in general, have made a farce out of these proceeding.

Pl.'s Mot. [146] at 3.

Additionally, Plaintiff again accused Whole Foods of failing to confer with her as required by the Local Rules. Plaintiff failed to acknowledge that the District Judge explicitly ordered the parties not to confer prior to filing motions. Plaintiff stated:

---

[2] Plaintiff's assertion of the Court's unavailability was the Court's moving the commencement of the trial from 9:30am on August 19, 2013, to 1:45pm on the same date.

> Ever since the outset of this case, Whole Foods has incessantly refused to confer even once as they are required to do. This has created a plethora of problems in that most problems could easily be resolved by simply conferring. They have instead used these refusals as an excuse to file a barrage of frivolous, mostly irrelevant paper designed to break Plaintiff down and drive her into a heart attack. Plaintiff is determined not to let this happen and will not answer any more of this farcical nonsense.

Pl.'s Mot. [146] at 4.

On August 19, 2013, with the trial scheduled for 1:45p.m., between approximately 8:30 and 9:30 a.m. Ms. Kindig filed Plaintiff's Motion, Due to Attorneys' Conflict of Schedule, to Have this Case Continued Until They Can be in Court [148]. In her Motion, she requested that the Court "continue this case *at the request of Attorney Ann Wilcox and Attorney James Klimaski* because they are unable to be in Court on the 19th of August, 2013, to take over this case due to their having Court appearances in another Court on that date." Pl.'s Mot. [148] at 1 (emphasis added). Whole Foods vehemently opposed this motion and requested that the Court dismiss the case with prejudice. Tr. [149] at 15:17-16:17.

The Court contacted Mr. James Klimaski on the morning of August 19, 2013. Mr. Klimaski stated that he had only received an email from Ms. Wilcox, who told Mr. Klimaski that she had spoken to Ms. Kindig. Plaintiff had called Ms. Wilcox about representing her at trial. Mr. Klimaski said he had never spoken to Ms. Kindig, he did not have an attorney-client relationship with her, and did not know anything about the case. The Court then told Whole Foods counsel that the trial date was canceled pending more information as to the alleged representation of Ms. Kindig by Counsel. On August 19, 2013, the Court also left a telephone message for Ms. Wilcox. On August 20, 2013, Ms. Wilcox called chambers and confirmed that she had received several phone calls from Ms. Kindig the prior weekend, but stated that she did not have a signed retainer agreement with Ms. Kindig and that she had expressed to Plaintiff only a willingness to speak to her about the case.

Whole Foods filed a Motion to Dismiss [150] based on Ms. Kindig's misrepresentation about her counsel and a Motion for Sanctions [151] for the costs of the canceled trial.

The Court issued a Show Cause Order on August 23, 2013, scheduling a hearing for Plaintiff to show cause "why the case should not be dismissed for her affirmative misrepresentations on the morning of trial and other failures to comply with the Court's orders." Order to Show Cause [152] at 1. Ms. Kindig attended the August 27, 2013, show cause hearing

and was accompanied by Ms. Wilcox. Plaintiff stated that Ms. Wilcox was her attorney advisor, and Plaintiff would proceed to represent herself *pro se* for the show cause hearing. Tr. [158] at 3:15-18, 9:12-10:18. Plaintiff explained to the Court that, "For a couple of weeks I was kind of calling around and checking around," seeking an attorney because she felt overwhelmed by paper from Defendant, she was in a state of exhaustion, and could not go on any longer. *Id.* at 8:15-17. She reiterated her complaints about earlier procedural violations, the need for parties to confer before filing motions, and the lack of discovery. *Id.* at 22:19-28:19. Whole Foods argued that the prejudice to Whole Foods has been severe based on Ms. Kindig's last minute cancellation and that Ms. Kindig has made gross misrepresentations to the Court about her alleged attorney-client relationships. *Id.* at 29:3-32:18. At the close of the hearing, the Court orally dismissed the case with prejudice *sua sponte*. *Id.* at 52:9-10. It denied Whole Food's Motion to Dismiss [150] as moot and gave Ms. Kindig fourteen days from the date she received this Opinion to respond to Whole Food's Motion for Sanction for costs. *Id.* at 50:10-12.

## **LEGAL STANDARD**

The Court has the discretion to use dismissal as a sanction for a party's misconduct in three specific circumstances. First, in circumstances where "the errant party's behavior has severely hampered the other party's ability to present his case – in other words, that the other party has been so prejudiced by the misconduct that it would be unfair to require him to proceed further in the case." *Webb v. D.C.*, 146 F.3d 964, 971 (D.C. Cir. 1998) (internal quotations and citations omitted). Second, the Court may consider "the prejudice caused to the judicial system when the party's misconduct has put an intolerable burden on a district court by requiring the court to modify its own docket and operations in order to accommodate the delay." *Id.* (internal quotations and citations omitted). The Court may use its "inherent power" in order "to protect [its] integrity and prevent abuses of the judicial process." *Shepherd v. Am. Broadcasting Co., Inc.*, 62 F.3d 1469, 1474 (D.C. Cir. 1995). Third, the Court may take into account the need "to sanction conduct that is disrespectful to the court and to deter similar misconduct in the future." *Id.* (internal citations and quotations omitted). Dismissal under these circumstances must be based on findings supported by the record. *Webb*, 146 F.3d at 971. Although the district court is not required to exhaust all lesser sanctions before dismissing a case under its inherent power, the court must give a specific, reasoned explanation to clarify why lesser sanctions are insufficient. *Id.* at 971-72.

**DISCUSSION**

Under the standard established in *Webb*, the Court asserts its discretion and dismisses this case, finding that Ms. Kindig's actions from the filing of the Complaint to the date of the scheduled trial were prejudicial to Whole Foods, burdensome to the judiciary, and disrespectful to Defendant and the Court.

I.  Prejudice to Whole Foods

As Whole Foods has repeatedly asserted in its motions, it has been prejudiced in its ability to defend the case, has been financially burdened by Ms. Kindig's actions, has wasted a great deal of time and effort attempting to resolve what should have been a routine slip and fall case, and suffered prejudicial accusations from Ms. Kindig. Plaintiff failed to provide simple discovery documents, including arguing about signing a release form for Whole Foods to access her Medicare records and grudgingly complying with an independent medical examination.

Additionally, she expressed interest in mediation on several occasions, only to delay proceedings when she consistently refused to mediate. In terms of trial preparation, she submitted a Pretrial Statement late and without the requisite information. *See* Pl.'s Pretrial Statement [142]; Pl.'s Supplement to Pretrial Statement [144]. Whole Foods was prepared for trial on two occasions, in April 2013 and August 2013, that had to be canceled because Plaintiff claimed illness for one and the other that she had retained counsel to represent her. Whole Foods submitted a Motion for Sanctions in which it seeks over $30,000.00 for costs related to the canceled trial, including airfare and hotels for Whole Foods representatives and witnesses, medical expert fees, and legal fees. Def.'s Mot. for Sanctions [151] at 7. Plaintiff repeatedly made accusations against Whole Foods, insulting its integrity as a corporation, including allegations totally irrelevant to the slip and fall as set forth in the Complaint. *See* Pl.'s Opp. [120] at 1 (Plaintiff refers to "a pattern from the fraud and lies which it has engaged in this case from the fraud and lies it engages in when it has a large sign in its' [sic] stores stating that it does not sell Genetically Modified Food, and when a prestigious laboratory tested samples from its store, more than 50% was Genetically Modified Food. It is also not surprising that it would viciously and sadistically terrorize Mr. Arega as it is documented that this vicious and sadistic behavior is a pattern with which it not only treats its' [sic] employees."); Pl.'s Reply [105] at 3 ("It is little wonder that there is an article about Whole Foods' CEO, John Mackey, describing his behaviour as 'It borders on pathological behaviour.'").

II. Burden on the Judiciary

The Court has also been burdened by Ms. Kindig's actions. Judge Huvelle, Magistrate Judge Robinson, and the undersigned Magistrate Judge attempted to move the case to resolution to no avail. Plaintiff filed an interlocutory appeal to the Court of Appeals, which was summarily denied because the Order in question was not a final appealable order. Court of Appeals Order [41]. Ms. Kindig also made motions to recuse all three judges who have presided over her case, making serious unfounded allegations of bias and violations of the Judicial Code of Conduct. *See* Pl.'s Mot. for Recusal of the District Judge [62]; Pl.'s Mot. to Disqualify the District Judge and the Magistrate Judge [81]; and Pl.'s Mot. that undersigned Magistrate Judge Disqualify Himself [102]. Ms. Kindig has repeatedly ignored the Court's orders, including attempting to relitigate issues upon which the Court has ruled.

This Court has twice cleared its docket for a full week of trial, once beginning April 8, 2013, and once beginning August 19, 2013. On the latter occasion, the Court had summoned a panel of 25 potential jurors who were awaiting jury selection in the Courthouse. The morning of the trial, Ms. Kindig moved to cancel the trial, alleging she had retained Counsel. This statement was not accurate.

III. Disrespectful Actions

Ms. Kindig, in most of her pleadings and in the Court hearings and telephone status hearings, consistently used invective language, made unfounded accusations, and threatened the initiation of disciplinary proceedings against all participants in this case, including the three judges, opposing counsel, Plaintiff's former counsel, and Whole Foods itself. The language used by Ms. Kindig in her pleadings and in the Courtroom is unlike any other that this Court has seen or heard, by either an attorney or a *pro se* party. Through repeated use of the words "sadistic," "fiendish," "vicious," "brutal," "harassment," "threats," and "fraud," Ms. Kindig demonstrated an utter disregard for the civility of the Courtroom process and the courtesy with which opposing parties should treat each other. Her actions were disrespectful to the Court and to the opposing party.

IV. Lesser Sanctions Are Insufficient

The Court recognizes the need for restraint in exercising its inherent authority. In this case, a District Judge and two Magistrate Judges have made ample accommodations for Ms. Kindig throughout motion practice, scheduling, and the pretrial process. Dismissal is now the appropriate sanction for the accumulated behavior described herein, and specifically for the

record of misleading communication to the Court regarding retention of counsel. Lesser sanctions or issue-specific sanctions would be futile. Ms. Kindig dismissed her first attorney, later refused the presence of a pro bono attorney for purpose of mediation, and the morning of the rescheduled trial moved the Court for a second continuance. The basis of this motion was a purported request by her putative attorneys, but Ms. Kindig had not retained these attorneys and the attorneys apparently had made no such request. Ms. Kindig misled the Court. There has been no indication, either at the Show Cause Hearing of August 27, 2013, or otherwise, that Plaintiff intends to modify her conduct.

## **CONCLUSION**

For the reasons stated above, including the prejudice to Whole Foods, the burden imposed on the judiciary, and Plaintiff's misrepresentations and dilatory acts that impeded the trial, the Court DISMISSES the action WITH PREJUDICE.

DATE: September 20, 2013        /s/ Alan Kay
                                ALAN KAY
                                UNITED STATES MAGISTRATE JUDGE